[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-14520
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-14057-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL ANTONIO CRUZ-MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(July 1, 2011)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Angel Cruz-Martinez appeals his 30-month total sentence imposed after pleading guilty to one count of making a false statement in an application for a United States passport, in violation of 18 U.S.C. § 1542 ("Count 1"), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) ("Count 3"). The district court sentenced Cruz-Martinez to 6 months as to Count 1, and 24 months as to Count 3, to be served consecutively. On appeal, Cruz-Martinez argues that his sentence was procedurally and substantively unreasonable because (1) the district court did not specifically mention 18 U.S.C. § 3553(a), its purposes, or how it applied the statute; and (2) his sentence was greater than necessary to implement the goals of § 3553(a), specifically those relating to the seriousness of the offense, because both offenses arose from the same conduct.

We review a final sentence imposed by a district court for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational

2

training or medical care. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. *Id*. §§ 3553(a)(1), (3)-(7). The district court does not have to discuss each § 3553(a) factor so long as the record indicates that it considered the factors in some form. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) ("nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors").

A sentence is substantively reasonable if it achieves the purposes of sentencing as enumerated in § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). This Court may reverse if it is left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Indicia of substantive reasonableness include being within the applicable guidelines range, *Talley*, 431 F.3d at 788, and the sentence's relation to the applicable statutory maximum, *See United States v. Gonzalez*, 550 F.3d 1319,

3

1324 (11th Cir. 2008) (considering that defendant's sentence was well below the statutory maximum in finding the sentence substantively reasonable). The appellant carries the burden of demonstrating a sentence is unreasonable in light of the record and the § 3553(a) factors. *Talley*, 431 F.3d at 788.

Cruz-Martinez's sentence is reasonable. Although it did not specifically cite them, the record shows that the district court considered the § 3553(a) factors. *See Dorman*, 488 F.3d at 944-45 (finding sentence reasonable although district court did not articulate that it had considered § 3553(a) because it considered defendant's objections and motion for downward departure that implicated the factors). The Court ensured that it was applying the correct guidelines range, and the parties presented arguments as to the appropriate sentence that implicated § 3553(a). Further, the sentence was within the applicable guidelines range, and such sentences are ordinarily expected to be reasonable. *Talley*, 431 F.3d at 788. Cruz-Martinez received a statutorily mandated sentence of 2 years as to Count 3, and his 6-month sentence as to Count 1 was well below the 10-year maximum sentence permitted. *See* 18 U.S.C. § 1028A(a)(1); 18 U.S.C. § 1542; *see also Gonzalez*, 550 F.3d at 1324. While Cruz-Martinez argues that both of his sentences arise from the same conduct, this does not mean that his sentence is unreasonable. The penalty statute, 18 U.S.C. § 1028A, required the district court

4

to impose consecutive sentences, and Cruz-Martinez has not conclusively shown that commission of both offenses results in the same harm. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**